UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRICK'S MEAT PRODUCTS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:05CV1409RWS ) |
| BOND EQUIPMENT CORP., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on defendants' motions to dismiss. Frick's hired BEC to manufacture and install a monorail system at Frick's Franklin County, Missouri plant. Frick's paid BEC $138,960.00 toward the project, but BEC never delivered or installed the monorail system. In its amended complaint, Frick's brings claims against BEC, BEC's owners (the Swilleys) and Sauvago, a BEC salesperson and corporate officer. The amended complaint asserts the following claims under Missouri law: breach of contract (Count I) and unjust enrichment (Count II) against BEC; piercing the corporate veil (Count IV) against BEC and the Swilleys; and fraud (Count III), civil conspiracy (Count V) and constructive trust (Count VI) against all defendants.

All defendants move for dismissal of the amended complaint with prejudice

for failure to plead fraud with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Defendants also argue that Frick's claims for unjust enrichment, piercing the corporate veil, civil conspiracy and constructive trust similarly fail because they are dependent upon the fraud claim. In addition, BEC contends that the breach of contract claim is barred by the statute of frauds. Frick's opposes both motions. Defendants BEC and the Swilleys have not bothered to file a reply brief in support of their motion. The motions are meritless and will be denied.

Federal Rule of Civil Procedure 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. In ruling on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. See Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999); Mauzy v. Mexico School Dist. No. 59, 878 F. Supp. 153, 155 (E.D. Mo. 1995)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Under the Federal Rules, a court may only dismiss a complaint when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Breedlove v. Earthgrains Baking Cos., Inc., 140 F.3d 797, 799 (8th Cir.) (citing McCormack v. Citibank, N.A., 979 F.2d

643, 646 (8th Cir. 1992)), cert. denied, 525 U.S. 921(1998). Thus, as a practical matter, dismissal is appropriate "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993)(internal quotations omitted).

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pled with particularity. "When pleading fraud, a plaintiff cannot simply make conclusory allegations." Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997). To determine whether the circumstances constituting fraud are stated with sufficient particularity to meet the pleading requirements of Rule 9(b), courts should examine the pleading for details such as "the time, place, and contents of the alleged fraud; the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged fraud." Id. (citation omitted). However, "[w]e do not hold that a plaintiff must show all of these factors under Rule 9(b) to plead fraud with sufficient particularity. A plaintiff must state enough so that his/her pleadings are not merely conclusory." Id. at n.5. The Eighth Circuit Court of Appeals has also noted that this rule of pleading is to be interpreted "'in harmony with the principles of notice pleading.'" Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920

(8th Cir. 2001)). That is, "[a]lthough a pleading alleging fraud need not provide anything more than notice of the claim, it must contain 'a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" Id. (quoting Abels, 259 F.3d at 920). After reviewing the amended complaint under the appropriate standards, I find that Frick's has stated claims for fraud against the defendants with sufficient particularity to satisfy the heightened pleading requirements of Rule 9(b). See Paul v. Farmland Indust., Inc., 37 F.3d 1274, 1276 (8th Cir. 1994) ("Under Missouri law, the elements of common-law fraud are: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, (9) and his consequent and proximate injury.")(internal citations and quotation marks omitted). The amended complaint identifies the times, speakers, places and contents of the fraudulent statements, as well as the actions taken by Frick's in reliance on these statements. Although Frick's has not included verbatim quotations in its pleading, it is not required to do so in order to meet the requirements of Rule 9(b). See Roberts, 128 F.3d at 651 n.5. The information in the amended complaint is sufficient to place

defendants on notice of the claims against them and enable them to respond to the allegations. Therefore, defendants' motions to dismiss Count III of the amended complaint are denied. Because defendants also argue for dismissal of Frick's claims for unjust enrichment, piercing the corporate veil, civil conspiracy and constructive trust on the sole basis that they are dependent upon the fraud claim, I will also deny the motions to dismiss these claims for the same reason.

Finally, BEC has moved for dismissal of the breach of contract claim on the ground that it violates the statute of frauds. According to BEC, the purchase orders submitted by Frick's as evidence of the contract between the parties fail to satisfy the statute of frauds under Missouri law because they are not signed by BEC. See Mo. Rev. Stat. § 432.010 (requiring that contracts not to be completed within a one-year period shall be in writing and "signed by the party to be charged herewith . . . ."). This argument is not an appropriate basis for dismissal because Frick's complaint has stated facts which, if proven true, would entitle it to relief on a claim for breach of contract. Frick's complaint pleads all of the necessary elements to state a breach of contract claim under Missouri law, including the existence of a valid contract. See Moravac v. Dave Littleton Ford, Inc., 838 S.W.2d 151, 153 (Mo. Ct. App. 1992) (to state a claim for breach of contract under Missouri law, plaintiffs must allege (1) the existence of a contract or agreement and the terms of the agreement; (2) that

plaintiffs performed or tendered performance; (3) that defendant did not perform; and (4) that defendant's failure to perform caused plaintiffs damage).

As Frick's correctly notes, "[t]o satisfy the statute of frauds, it is not essential that a writing be a single document. Instead, the agreement may be contained in separate writings when the separate writings, taken together, meet the requirements of the statute." In re Estate of Looney, 975 S.W.2d 508, 515 (Mo. Ct. App. 1998). In opposition to BEC's motion, Frick's has attached a memorandum "from Christine Swilley with Bond Equipment Corp." memorializing the agreement between the parties. The agreement contains the typewritten signature of Christine Swilley as BEC's "Owner/Secretary/Treasurer" and easily satisfies the signature requirement of Missouri's statute of frauds.

In addition, Missouri law provides for three equitable exceptions to application of the statute of frauds, including where there has been full or partial performance by one of the parties. See Mika v. Central Bank of Kansas City, 112 S.W.3d 82, 88-89 (Mo. Ct. App. 2003). In this case, Frick's alleges that it performed the terms of the agreement by paying BEC $138,960.00 to manufacture and install the monorail system. For these reasons, BEC's motion to dismiss Frick's breach of contract claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#15, #24] are denied.

```
                              _____
                              RODNEY W. SIPPEL
                              UNITED STATES DISTRICT JUDGE
```

Dated this <u>6th </u>day of <u> February </u>, 2006.